UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES GUSTAVE MALOTT,

           Plaintiff,

v.                                  Case No. 25-CV-1965

ROSEN'S DIVERSIFIED INC.,
AMERICAN FOOD GROUPS LLC,
and GREEN BAY DRESSED BEEF LLC,

           Defendant.

---

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

---

Currently pending before the court is James Malott's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Malott's request, the court concludes that Malott lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Malott's Request to Proceed in District Court without Prepaying the Filing Fee will be **granted**.

Because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

    I.    **Legal Standard**

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton*

*v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a plaintiff has stated a claim, under 28 U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

2
Case 1:25-cv-01965-BBC    Filed 12/18/25    Page 2 of 8    Document 5

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

### I. Allegations

Malott's complaint chiefly alleges that the defendants are responsible for the "large amount of radio frequency being directed at [his] body." (ECF No 1 at 4.) This has complicated his life—physical pain, issues at home, criminal charges, multiple hospital visits, innumerable 911 calls. (ECF No. 1 at 3-5.) He claims he is "being hypnotized" and just wants "this to stop." (ECF No. 1 at 3.) He does not seek monetary relief. (ECF No. 1 at 12.) If the court cannot do something about the radio frequency,

however, he asks for "instructions… on how to have radio frequency that is being directed at someone stopped." (ECF No. 1 at 12.)

Malott's complaint is not linear, but two instances appear important in understanding why he attributes the radio frequency to the defendants. Malott is a former employee of American Food Groups. (ECF No. 1 at 2.) While at work in April 2019, he had "the worst headache… [he'd] ever had" and sought out a supervisor to explain his pain. In that moment he was aware of "being hit by EMFs and was getting zapped in the face." (ECF No. 1 at 7.) He alleges a "general supervisor" pulled him aside and gave him the following instructions: "Do not plug your phone into the computer to see the IP. The IP is you." (ECF No. 1 at 7.) The supervisor then advised that if Malott tried to subpoena the internet protocol, it would force his "former employer to look at the IP and they would no doubt turn it all off." (ECF No. 1 at 5.) It appears that Malott then forgot about the day's events. (ECF No. 1 at 9) ("I did go to bed and wasn't capable of thinking of what happened the next morning or until January 10, 2021.").

"[O]n the night of January 10, 2021," Molett alleges an epiphany of sorts: for thirty minutes he felt better, and realized the last time he felt this good was when he was working for American Foods Group. (ECF No. 1 at 10-11.) He asserts this is because a cellphone tower must have been turned off. (ECF No. 1 at 10.) In that window of reprieve, he was finally "capable of thinking about what happened in April 2019 and that this is definitely because of Radio Frequency." (ECF No. 1 at 10.) Molett decided to wait until June 9th "when the no trespassing order would be lifted [to] go

to the hiring office and explain this to the recruiter at AFG." (ECF No. 1 at 11.) He asserts it would have been obvious "to anyone just by looking at me that radio frequency is greatly affecting my health." (ECF No. 1 at 11.)

## II. Analysis

"Subject-matter jurisdiction is the first issue in any case." *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019). The court has "an independent obligation to determine that jurisdictional requirements are satisfied." *Knopick v. Jayco, Inc.*, 895 F.3d 525, 528 (7th Cir. 2018). The action must be dismissed if the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Generally, to bring a lawsuit in federal court, Malott must plead facts that show a violation of federal law or the federal constitution, 28 U.S.C. § 1331, or he must sue citizens of a different state for an amount that exceeds $75,000. 28 U.S.C. § 1332. To ensure "complete diversity," Malott cannot have citizenship in common with any of the defendants. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021).

Subject-matter jurisdiction does not exist under 28 U.S.C. § 1332. Malott does not seek monetary relief, so the amount in controversy does not exceed $75,000. Separately, complete diversity is "destroyed," *Page,* 2 F.4th at 636, because Malott, American Food Groups LLC, and Green Bay Dressed Beef LLC are all citizens of Wisconsin.

The court is not aware of—and Malott does not point to—any federal provision that allows an individual to sue another for the "intentional tort by radio frequency."

5

Case 1:25-cv-01965-BBC    Filed 12/18/25    Page 5 of 8    Document 5

(ECF No. 1-1 at 1.) But Malott attempts to cure this deficiency by asking the court to apply 18 U.S.C. § 1030(g), which creates a private right of action for persons who suffer "damage or loss by reason of a [Computer Fraud and Abuse Act] violation." *See* 18 U.S.C. § 1030(g); *Van Buren v. United States*, 593 U.S. 374, 379 (2021). A civil action may be brought only if the violation involves conduct enumerated in the Act; this includes "physical injury to any person." *See* 18 U.S.C. § 1030(c)(4)(A)(i)(III). "No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage." 18 U.S.C. § 1030(g).

Although Malott details the physical injuries suffered as a result of the radio frequency, he does not allege an actual violation. To bring a claim under 18 U.S.C. § 1030, Malott would need to plead facts that show defendants obtained computer information by intentionally accessing a computer without authorization or exceeding authorized access. *See Van Buren*, 593 U.S. at 379; 18 U.S.C. § 1030(a)(2). He does not do so. Although he alleges a supervisor advised him not to plug his phone into his computer (ECF No. 1 at 7), Malott pleads no facts that would support any of the defendants ever had unauthorized access to his devices, let alone obtained information that led to his physical injury. His allegations are "devoid of further factual enhancement" to properly state a claim for relief under 18 U.S.C. § 1030. *Iqbal*, 556 U.S. at 678. Because he has not plead facts that show a violation of a federal provision, the court does not have subject-matter jurisdiction.

Even if Molett could plead a violation under 18 U.S.C. § 1030(g), it would be barred by the statute of limitations. It appears Molett has been experiencing physical pain since at least April 2019. (ECF No. 1 at 7.) And "on the night of January 10, 2021," Molett connected his physical discomfort from the alleged radio frequency to his time working at American Foods Group. (ECF No. 1 at 10-11.) Because Molett did not bring this action "within 2 years of the date of the act complained of or the date of the discovery of the damage," his allegations under the Computer Fraud and Abuse Act are untimely. *See* 18 U.S.C. § 1030(g). And absent another federal provision to tie his allegations to, the court would not have subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

### III. Conclusion

The court understands that Malott is in pain. This is not his first attempt to pursue recourse in federal court. But because the court lacks subject-matter jurisdiction, the relief he seeks cannot be resolved here. Malott is reminded that future attempts to file actions premised on the same facts will subject him to the imposition of a filing bar. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (noting that a federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process").

**IT IS THEREFORE ORDERED** that James Gustave Malott's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that James Gustave Malott's Pro Se Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**. James Gustave Malott's motion for hearing, motion to serve defendants (ECF No. 4) is **DISMISSED AS MOOT**. The clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 18th day of December, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge